WILLIAM R. ALLEN v. SIMPSON WANAMAKER AND JOHN W. WANAMAKER.

1. Where it is charged in a declaration that the defendant sold certain peach trees to the plaintiff as sound and healthy trees, knowing at the time they were not sound, it is the duty of the justice, when requested, to charge the jury that the plaintiff is bound to prove a *scienter* as charged.
2. If he refuses to do so, and charge that the defendant is liable upon his representations, whether he knew them to be false or not, it is erroneous.
3. It is the duty of the justice to declare the law upon every point fairly involved in the cause, if required.

*Certiorari* to Hunterdon Pleas.

For the plaintiff in *certiorari*, *A. V. Van Fleet* and *B. Van Syckel.*

For the defendants, *G. A. Allen.*

The opinion of the court was delivered by

BEDLE, J.    Several reasons are alleged for reversal in this case, only one of which the court will consider.    The demand contains two counts.    The first, alleging that the defendant, well knowing certain peach trees to be winter-killed, unsound, and unfit for use, sold them to the plaintiffs for good healthy trees, he so representing them to the plaintiffs; and the second count being upon a warranty that the trees were sound and healthy.    Among other things, the defendant requested the Court of Common Pleas, upon the trial of the appeal, to charge the jury "that in order to recover under the first count of the demand for a false representation, it is necessary that the plaintiffs should prove, first, that the defendant, during the negotiation for the sale of the trees, represented them to be good trees; and second, that, at the time he made such representation, he knew it to be false; and that unless they have established these two propositions they cannot recover upon the first count." In response, the court charged, "that if the defendant represented the trees

to be good and they are not good, he is liable for his representation, whether he knew it to be false or not," and refused to charge further upon such request.

The first count is founded upon deceit, and proof of a *scienter* by defendant was necessary to enable the plaintiffs to recover upon it. It is the duty of the court, when requested, to declare the law upon every point fairly involved in the cause, *Cole* v. *Taylor*, 2 *Zab.* 60, and the principle required to be charged, was necessarily involved in that count. Its structure depends upon it, and this court cannot say that the verdict was founded upon the second count, or that the same was not affected by the error to charge as requested. For this reason the judgment on the appeal should be reversed.

The facts not having been produced to this court, it does not appear that the other questions raised by the plaintiffs in *certiorari* were warranted by the evidence, or necessarily involved in the verdict, and no opinion is therefore expressed upon them. The doctrine is well settled, that the questions upon which a charge is requested must appear not to be merely hypothetical, but that they must be warranted by the testimony, and necessarily involved in the verdict. *Davison* v. *Schooley*, 5 *Halst.* 146.

Judgment reversed.

Cited in *Scott* v. *Mitchell*, 12 *Vroom* 347.